# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WENDERSON FERREIRA ROSA,

      *Petitioner,*

  v.

J.L. JAMISON, et al.,

      *Respondents.*

CIVIL ACTION

NO. 26-4673

## ORDER

    **AND NOW**, this 8th day of July, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 3), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

    1.    **Ferreira Rosa is not subject to mandatory detention under 8**

        **U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

        the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    In July of 2022, Wenderson Ferreira Rosa—a native of Brazil—entered the United States through the border with Mexico. (Pet. ¶¶ 1, 17, Dkt. No. 1.) DHS agents then detained and processed him, placed him into removal proceedings, and required him to attend regular ICE check-ins. (*Id.* ¶¶ 18–20.) He did so on July 3, 2026, but DHS agents arrested and transported him to the Philadelphia Federal Detention Center. (*Id.* ¶¶ 2, 21.) He is currently detained there under § 1225(b)(2) without a bond hearing. (*Id.* ¶¶ 2–3, 5, 22–23.)

    Ferreira Rosa filed a *habeas* petition, alleging violations of the Immigration and Nationality Act, due process and the Administrative Procedure Act. (*Id.* at 13–19.) He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention unlawful, and immediately release him or alternatively conduct a bond hearing. (*Id.* at 9.) The Government claims he is lawfully detained. (Gov't Resp. in Opp'n at 5–8, Dkt. No. 3.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Federal Detention Center Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026). Ferreira Rosa was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him. Because the Government did so under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge. *See Demirel*, 2025 WL 3218243, at *5. Ordering a bond hearing is more appropriate than releasing Ferreira Rosa, and the Court need not address his due process or APA claims. *See Montano-Gordillo v. Jamison*, No. 26-3030, 2026 WL 1949503, at *2–3 & n.1 (E.D. Pa. July 6, 2026).

2. **On or before July 15, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Ferreira Rosa with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the immigration judge deny bond, Ferreira Rosa may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.